IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:06-cr-09 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **Order Denying Motion and** |
| Markeith Turner, | : | **Supplemental Motion for** |
| | : | **Compassionate Release** |
| Defendant. | : | |

This matter is before the Court on Defendant Markeith Turner's Motion for Compassionate Release.  (Doc. 186.)  The Government responded in opposition.  (Doc. 187.)  Turner also filed a Supplemental Motion, to which the Government responded.  (Doc. 188, 189.)  For the reasons that follow, Turner's Motions (Docs. 186, 188) will be **DENIED**.

**I.      BACKGROUND**

This case has a long history before the Court.  On January 18, 2006, Turner was indicted on the following charges: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (3) being a felon in possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4); (4) possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; (5) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; (6) being a fugitive in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2); (7) being a fugitive in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2); (8) being a person under indictment in possession of a firearm, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D); (9) being a person under indictment in

possession of ammunition, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D); and (10) carrying and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (iii).  (Doc. 20.)

Following a jury trial, on April 10, 2006, Turner was convicted on Counts 1–3 and 5–10 and acquitted on Count 4.  (Doc. 56.)  On May 4, 2006, the Court granted a motion for judgment of acquittal on Counts 6 and 7.  (Doc. 59.)  On April 11, 2007, the Court held a Sentencing Hearing and sentenced Turner to 382 months of imprisonment.[1]  (Doc. 75.)  On March 19, 2010, the Sixth Circuit reversed Turner's conviction on Counts 1 and 2 due to Speedy Trial Act violations, affirmed the remaining five convictions, and remanded the case for resentencing. *United States v. Turner*, 602 F.3d 778, 781 (6th Cir. 2010).  The Court held a Resentencing Hearing on July 6, 2010, at which it resentenced Turner on Counts 3, 5, 8, 9, and 10 of the Indictment to a total of 382 months of imprisonment.[2]  (Doc. 117, 118.)  On September 1, 2011, the Sixth Circuit affirmed the Court's decision to deny Turner's motion to dismiss the five remaining counts of conviction.  *United States v. Turner*, 436 F. App'x 599, 599 (6th Cir. 2011). Turner is currently serving his sentence at Florence-High USP, and his release date is projected to be July 22, 2034.  Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed April 17, 2024).

Turner previously filed, and the Court ruled upon, a myriad of post-conviction motions

---

[1] The Honorable Sandra S. Beckwith presided over Turner's trial, Sentencing Hearing, and Resentencing Hearing.  The case was later reassigned to the Undersigned.  (*See* Doc. 157.)

[2] Turner was sentenced to 23 months of imprisonment on Count 3, to run consecutively to the sentence imposed on Counts 5, 8 and 9; 239 months of imprisonment on Count 5, to run concurrently with the sentence imposed on Counts 8 and 9; 120 months of imprisonment on Counts 8 and 9, to run concurrently to the sentence imposed on Count 5; and 120 months of imprisonment on Count 10 to run consecutively to sentences imposed on Counts 3, 5, 8 and 9; a term of supervised release; a $500 special assessment, and a $15,000 fine.  (*Id.*)

2

for relief. (*See, e.g.*, Docs. 148, 149, 153, 154, 155, 159, 160, 161, 162, 163, 164, 166, 169, 170, 172, 179, 182, 183, 184.) Most recently, prior to the instant motions currently pending, the Court denied Turner's Motion for Compassionate Release on October 26, 2022. (Doc. 184.) On November 27, 2023, Turner filed a new Motion for Compassionate Release, to which the Government responded in opposition. (Docs. 186, 187.) On February 5, 2024, Turner filed a Supplemental Motion for Compassionate Release, and the Government responded in opposition on March 21, 2024. (Docs. 188, 189.) For the reasons that follow, Turner's Motions will be **DENIED**.

## II. STANDARD OF LAW

Turner seeks a reduction of sentence, also known as compassionate release, pursuant to 18 U.S.C. § 3582(c). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> * * *

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in United States Sentencing Guideline ("Sentencing Guideline" or "U.S.S.G.") § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020).[3] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence

---

[3] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider nonretroactive changes in law relevant to sentencing as part of their weighing of the § 3553(a) sentencing factors. *Hunter*, 12 F.4th at 568–569. District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

**III. ANALYSIS**

    **A. No Extraordinary and Compelling Reason for Release**

    **1. Turner is Not Eligible for a Sentence Reduction**

In both his initial Motion and Supplemental Motion, Turner argues that he should be released from prison because his sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).[4] In his Supplemental Motion Turner argues he is entitled to a sentence reduction under Amendment 821 to the United States Sentencing

---

[4] 28 U.S.C. § 994(o) states:

> The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work.

Guidelines based on a sentencing range that has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and the U.S.S.G. § 1B1.10.[5] (Doc. 188.)

Amendment 821 to the United States Sentencing Guideline impacts the calculation of a defendant's criminal history. Part A of Amendment 821 amends U.S.S.G. § 4A1.1 to strike two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. *Id*. Part A adds a new subsection (e) that adds one criminal history point for any defendant who receives seven or more points and who committed the offense while under any criminal justice sentence. *Id*. Part B, Subpart 1 of Amendment 821 adds a new § 4C1.1, "Adjustment for Certain Zero-Point Offenders." U.S.S.G. Amend. 821; U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points whose offense did not involve specific aggravating factors. U.S.S.G. amend. 821 pt. B.[6]

---

[5] Turner also references an Amendment 8 Parts A and B. Given that Amendment 821 has a Part A and Part B, the Court interpreted this as a typo. An Amendment 8 to the United States Sentencing Guidelines was effective January 15, 1988, well before Defendant's sentencing in this case. *See* United States Sentencing Commission, *8*, https://www.ussc.gov/guidelines/amendment/8 (last accessed April 24, 2024).

[6] A defendant is eligible for the Zero-Point Offender adjustment only after meeting all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

The Sentencing Commission made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; *see* U.S.S.G. § 1B1.10(d). Nonetheless, a district court may not modify a defendant's sentence based on a retroactive amendment unless the defendant is eligible under U.S.S.G. § 1B1.10. A defendant is not eligible if applying the retroactive amendment does not lower the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B); (d), n.1.

Turner is not eligible for a reduction under Amendment 821. Turner's criminal history category was determined to be VI at the time of sentencing based upon 23 criminal history points. He was assessed two of those points because the offense was committed less than two years after being released from imprisonment under U.S.S.G. § 4A1.1(e). (Presentence Investigation Report ("PSR") at ¶ 62.) Applying Amendment 821, Turner's criminal history points are reduced to 22, which has no change on his criminal history category, which remains a VI as he is a career offender. Secondly, Turner is not eligible as a Zero-Point Offender based on his number of criminal history points.

Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . an Amendment listed in subsection (d) does not have the effect of

---

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

U.S.S.G. § 4C1.1(a).

lowering the defendant's applicable guideline range." Here, although Amendment 821 is included in U.S.S.G. § 1B1.10(d), as explained, its application has no bearing on lowering Turner's sentencing guideline range.

### 2. Career Offender Status

Turner argues that the Court should remove his career offender status because of changes in the First Step Act. It is unclear to the Court on what basis Turner argues his career offender status is invalid. As set forth in the PSR, Turner was determined to be a career offender at the time of his sentencing under U.S.S.G. § 4B1.1(a), because he was at least 18 years old at the time of the instant offense, the instant offense was a felony that is a crime of violence or a controlled substance offense, and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. (PSR at ¶ 30.) Turner was approximately 32 years old at the time of the instant offense, which is a controlled substance offense, and he has two prior convictions which are controlled substance offenses: aggravated trafficking in 1991, Case Number B912968, a second degree felony, and aggravated trafficking in 1994, Case Number B947504, a third degree felony. (*Id.*) He was determined, therefore, to be a career offender. (*Id.*)

Amendment 822 to the Sentencing Guidelines most recently amended U.S.S.G. § 4B1.2, the Career Offender guideline covering "definitions," to address application issues regarding the meaning of "robbery" and "extortion" as well as treatment of inchoate offenses. The Court does not see how this Amendment invalidates Turner's status as a career offender, nor does Turner argue this point. In sum, the Court finds no basis to disturb Turner's career offender status.

### 3. Medical Conditions and COVID-19

Finally, Turner argues that he should be released from prison because of his medical conditions and risk of illness from COVID-19. The Court previously considered Turner's health conditions and rejected them as a basis for compassionate release. Turner now argues that in addition to the conditions the Court already considered, he has "chronic asthma." U.S.S.G. § 1B1.13 was amended in 2023 to expand the definition of "Medical Circumstances of the Defendant" to include as follows:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (B) The defendant is--
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> (D) The defendant presents the following circumstances--
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(1). Although the Court is sympathetic that Turner has asthma, there is no evidence before that Court that his condition rises to the level of a "serious" physical or medical condition. As to his concerns about COVID-19, there is also no evidence that Turner is housed

9

at a correctional facility affected or at imminent risk of being affected by an ongoing outbreak of infectious disease or a public health emergency.  In short, Turner has not established his medical conditions rise to the level of an extraordinary or compelling reason with the additional consideration of his asthma or concern about COVID-19.

For these reasons, Turner has not demonstrated an extraordinary and compelling reason for release.

### B. 18 U.S.C. § 3353(a) Factors Do Not Support Early Release

The 18 U.S.C. § 3553(a) sentencing factors also do not favor compassionate release.  Among the factors to be considered are the nature and characteristics of the defendant's offense; the defendant's criminal history; the need for the sentence imposed to reflect the seriousness of the defendant's conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted sentencing disparities.  The Court thoroughly considered these factors at both the Sentencing Hearing and Resentencing Hearing.  It once again weighed these factors in denying Turner's Motion for Compassionate Release in 2022.  (Doc. 184.)   Turner has not provided any new substantive information to consider with respect to the sentencing factors.  For the sake of completion, however, the Court will once again evaluate the § 3553(a) sentencing factors, which do not favor his release.

As to the nature and characteristics of the offense, Turner was convicted of being a felon in possession of a firearm in a school zone; possessing with intent to distribute heroin; being a person under indictment in possession of a firearm and ammunition; and carrying and discharging a firearm during and in relation to a drug trafficking crime.  Of significance to the Court, Turner demonstrated reckless, violent behavior and no concern for the lives of others

when he fired two random shots in the air to ward off other drug dealers, which placed innocent lives in danger. (*See* Doc. 118.)

Turner's criminal history is extensive as a career offender at a criminal history category VI, even with a reduction under Amendment 821, as discussed *supra*. He has a long history of violence, association with drugs, and disrespect for the law. (*See id.*) The Court considered Turner's juvenile adjudications for assault and menacing, as well as his many convictions as an adult, including, notably: three convictions for resisting arrest, four adult convictions for obstructing official business, two convictions for assault, and one conviction for burglary. He also has a prior conviction for possessing a weapon under disability, and, on another occasion, the police discovered a 9 mm pistol in his car during a traffic stop. As was noted at his Sentencing Rehearing by the Hon. Judge Beckwith, Turner has a paranoid personality, violent propensities, and a penchant for carrying firearms, which does not make him a strong candidate for lenient treatment. (*Id.*)

The Court may consider nonretroactive changes in law in its § 3553(a) analysis. However, if sentenced today, by the Court's calculations, Turner would face a guideline range sentence of 382 months to 447 months of imprisonment. There is no disparity between a sentence he would have received if sentenced today compared with his sentence at the time of commission of his crimes.

Based on the nature of the offense, the safety of the community remains a high priority in this case. The Court is concerned that Turner poses an ongoing risk to the community, particularly given his last offense placed innocent lives at risk. His criminal history is lengthy and demonstrates a willingness or compulsion to engage in criminal activity. Releasing Turner

11

early would undermine his sentence and create sentencing disparities amongst other similarly-situated offenders. In sum, the sentencing factors still do not favor Turner's early release.

### IV. CONCLUSION

For the reasons stated herein, Turner's most recent Motion for Compassionate Release and Supplemental Motion (Doc. 186, 188) are **DENIED**.

**IT IS SO ORDERED**.

S/Susan J. Dlott
Susan J. Dlott
United States District Judge